**Layton SAMPSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–97–01150–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1998.

[redacted]

[redacted]

J. Sidney Crowley, Houston, for appellant.

J.B. Holmes, Alan Curry, Houston, for appellee.

Before Justices COHEN, HEDGES, and TAFT.

## O P I N I O N

TIM TAFT, Justice.

Appellant, Layton Sampson, was indicted for aggravated assault. Appellant pled guilty. The trial court assessed eight-years deferred adjudication and a $500 fine. Subsequently, the trial court granted the State's motion to adjudicate appellant's guilt. The trial court's order adjudicating guilt assessed appellant's punishment at eight-years imprisonment and a $500 fine. In the order adjudicating guilt, the trial court made an affirmative finding that appellant used a deadly weapon. We address whether the trial court could make an affirmative finding of a deadly weapon in the order adjudicating appellant's guilt when the trial court had not made the affirmative finding in its order deferring adjudication. We affirm.

## Affirmative Finding of Deadly Weapon

The trial court's order of deferred adjudication and its order adjudicating appellant's guilt contained the following section:

Affirmative Findings: (Circle appropriate selection–N/A = not available or not applicable)

DEADLY WEAPON: Yes No N/A

On the order of deferred adjudication, the trial court circled "N/A." On the order adjudicating guilt, the trial court circled "Yes." We construe appellant's sole point of error to be that because the trial court circled "N/A" on the order of deferred adjudication, the trial court abused its discretion by making an affirmative finding of a deadly weapon on the order adjudicating guilt.

The purpose of a trial court's making an affirmative finding of a deadly weapon is to aid the Department of Criminal Justice in calculating a prisoner's parole-eligibility date. When a trial court's judgment reflects an affirmative finding that a defendant used a deadly weapon during the commission of a felony, the defendant's parole-eligibility date is extended. TEX. GOV'T CODE ANN. § 508.145(d) (Vernon 1998). Thus, to properly calculate a prisoner's parole-eligibility date, the Department of Criminal Justice must know whether the trial court has made such an affirmative finding. To provide this information to the Department of Criminal Justice, article 42.12, section 3g(a)(2) of the Texas Code of Criminal Procedure requires that when a trial court makes an affirmative finding of a deadly weapon, it must enter the finding in its judgment. TEX.CRIM. P.CODE ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 1998); *Polk v. State,* 693 S.W.2d 391, 400 n. 1 (Tex.Crim.App.1985) (interpreting purpose of predecessor section 3f(a)(2)); *see Ex parte Jones,* 957 S.W.2d 849 (Tex.Crim.App.1997) (applying section 3g(a)(2) in deferred adjudication context).

An affirmative finding of a deadly weapon is not applicable to an order of deferred adjudication because parole eligibility only applies to persons who are imprisoned. *See* TEX. GOV'T CODE ANN. § 508.145(d). When a defendant's adjudication of guilt is deferred, the defendant is not imprisoned; instead, the defendant is placed on community supervision. *See* TEX.CRIM. P.CODE ANN. art. 42.12, § 5(a) (Vernon Supp.1998).

If a trial court determines that a defendant has violated the terms of his deferred adjudication and assesses imprisonment as punishment, the trial court is required to enter any

844

affirmative finding of a deadly weapon in its order adjudicating guilt. TEX.CRIM. P.CODE ANN. art. 42.12, § 3g(a)(2). It is at this point that the affirmative finding of a deadly weapon becomes applicable.

In the present case, the trial court correctly determined that an affirmative finding of a deadly weapon was not applicable to the trial court's order of deferred adjudication, but was applicable to its order adjudicating appellant's guilt. Accordingly, we overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.