Raymond Sidney **LISTER, III,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–99–680–CR.

Court of Appeals of Texas, Corpus Christi.

June 29, 2000.

Roger Bridgwater, Houston, for Appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Asst. Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, for the State.

Before Chief Justice SEERDEN and Justices HINOJOSA and KENNEDY.[1]

## OPINION

NOAH KENNEDY, Justice.

Appellant pleaded guilty to a felony offense of aggravated assault and, based upon a plea bargain, the court assessed punishment at confinement for two years. In its judgment, the court made a finding that a deadly weapon was used. Appellant waived the presence of a court reporter at the hearing. The only record of the proceedings that are before us is the clerk's record.

The clerk's record shows a plea bargain agreement containing the words, "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at two years Texas Dept. of Corrections and I agree to that recommendation." The agreement is signed and sworn to by appellant, and is signed by his trial attorney and the prosecutor. It is also approved by the trial judge. No mention is made of a finding of the use of a deadly weapon in this instrument.

The record then shows a judgment of the trial court containing an affirmative finding of the use of a deadly weapon which is the subject of appellant's sole issue for review. The relief sought is the reformation of the judgment to delete the finding, the argument being that the finding was not a part of the plea bargain.

The significance of the finding is that the Government Code provides:

> (d) An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), or (H), Article 42.12, Code of Criminal Procedure, or for an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.

TEX. GOV'T.CODE ANN. § 508.145(d) (Vernon 2000). The referenced portion of the Code of Criminal Procedure states:

> Sec. 3g(1) ... (2) to a defendant when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in its judgment.

TEX.CODE CRIM. PROC. ANN. art. 42.12 Sec. 3g(a)(2) (Vernon Supp.2000).

██ First, we hold that we do not have jurisdiction to hear this appeal because it does not meet the requirements of article 44.02 of the Code of Criminal Procedure and 25.2 of the Rules of Appellate Procedure which state:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.

TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979).

And:

> But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX.R.APP. PROC. 25.2(b)(3). The record contains no showing that the trial court granted permission to appeal. However, in the interest of justice, we consider and rule on appellant's single issue.

██ In *Ex Parte Franklin*, 757 S.W.2d 778, 784 (Tex.Crim.App.1988) the court held that the allegation in the information "by shooting him with a shotgun"[2] was sufficient notice that the state would be seeking an affirmative finding on "deadly weapon." In the case before us the indictment alleged the use of a deadly weapon. It also contained a second paragraph alleging the commission of a prior offense. The judgment of the trial court states that the allegation of the prior offense has been waived by the state. It is silent as to any agreement concerning the finding of use of a deadly weapon by the court. The "waiver of constitutional rights, agreement to stipulate and judicial confession" is also silent as to any such finding.

██ We hold that where no mention is made in the record of any plea bargain agreement concerning a finding of the use of a deadly weapon the trial court has within its discretion the power to make, or not make, such a finding. We AFFIRM the judgment of the trial court.

---

2. The court also ruled that a shotgun was a   deadly weapon *per se.*