Affirmed and Opinion filed January 12, 2006









Affirmed
and Opinion filed January 12, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00139-CR

____________

 

GERALD DEMETRIUS
MCGOWAN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 839,261

 



 

O P I N I O N

Appellant, Gerald Demetrius McGowan,
appeals from his conviction for aggravated assault.  After appellant pleaded guilty, the trial
court placed him on deferred adjudication for ten years and assessed a $1,500
fine.  The State subsequently filed a
motion to adjudicate guilt, and appellant pleaded true to the allegations in
the motion.  The trial court found him
guilty and assessed punishment at four years imprisonment.  On appeal, appellant contends that the trial
court abused its discretion by (1) failing to conduct a competency hearing
prior to sentencing, (2) assessing punishment based on grounds not alleged in
the motion to adjudicate guilt, and (3) entering a deadly weapon finding in the
judgment.  We affirm.








Background

Appellant was charged with aggravated
assault with a deadly weapon against a family member.  On May 15, 2000, he pleaded guilty and
received deferred adjudication for ten years and a fine of $1,500.  The trial court=s order imposed
numerous conditions on appellant=s community
supervision, including that he submit to psychological counseling.  On November 14, 2001, the State filed its
first motion to adjudicate guilt alleging that appellant had violated several
of the conditions placed on his community supervision, including the counseling
requirement.  The State subsequently
filed several amended motions.  The copy
of the Alive@ motion in the
clerk=s record has
several of its paragraphs lined or scribbled through, although there is no
indication in the record as to when or why this occurred.  Prior to the hearing on the motion to
adjudicate, appellant requested that he receive a psychological evaluation; the
trial court ordered the evaluation, but there is no indication in the record as
to whether or not the evaluation was performed. 
No reporter=s record was brought forward on appeal of
the hearing on the motion to adjudicate. 
Appellant pleaded true to the allegations in the motion and entered into
a stipulation of evidence.  The trial
court found that appellant violated six of the conditions that had been placed
on his community supervision as alleged in the State=s motion.  The trial court then found appellant guilty
of aggravated assault with a deadly weapon and sentenced him to four years in
prison.

Competency








In his first issue, appellant contends
that the trial court abused its discretion in failing to conduct a hearing on
his competency to stand trial prior to sentencing him.  We review a trial court=s failure to
conduct a competency inquiry under an abuse of discretion standard.  Moore v. State, 999 S.W.2d 385, 393
(Tex. Crim. App. 1999).  A defendant is
presumed competent to stand trial and shall be found competent to stand trial
unless proven incompetent by a preponderance of the evidence.  Tex.
Code Crim. Proc. Ann. art. 46B.003(b) (Vernon Supp. 2004-05).  A defendant is incompetent to stand trial if
he does not have (1) sufficient present ability to consult with his attorney
with a reasonable degree of rational understanding, or (2) rational as well as
factual understanding of the proceedings against him.  Id. art. 46B.003(a).

If evidence is brought to the attention of
the trial court from any source raising a bona fide doubt as to the defendant=s competency, the
court must conduct an informal inquiry outside the jury=s presence to
determine whether there is evidence to support a finding of incompetency to
stand trial.  Id. art. 46B.004; McDaniel
v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003).  In the inquiry, the court must determine
whether there is Asome evidence@ to support a
finding of incompetency, and, if the court so finds, it must then commence a
hearing before a jury.  McDaniel,
98 S.W.3d at 710; see also Tex.
Code Crim. Proc. Ann. arts. 46B.005(b), 46B.051.  The requirements of each step must be
fulfilled before the next step becomes applicable.  McDaniel, 98 S.W.3d at 710‑11.  The naked assertion, AI am incompetent,@ is not sufficient
without supporting evidence to require either an inquiry by the court or a
hearing before a jury.  Id. at
711.  Evidence capable of creating a bona‑fide
doubt about a defendant=s competency may come from the trial court=s own observations,
known facts, evidence presented, motions, affidavits, or any other claim or
credible source.  Brown v. State,
129 S.W.3d 762, 765 (Tex. App.CHouston [1st
Dist.] 2004, no pet.).  Evidence is
usually sufficient to create a bona‑fide doubt if it shows recent, severe
mental illness, at least moderate retardation, or truly bizarre acts by the
defendant.  McDaniel, 98 S.W.3d at
710.  If evidence warrants a competency
hearing, and the trial court denies such a hearing, the defendant is deprived
of his constitutional right to a fair trial. 
See Pate v. Robinson, 383 U.S. 375, 385 (1966).








Appellant asserts that the following
occurrences raised a bona fide doubt regarding his competency: (1) the trial
court required that appellant submit himself to psychological counseling as a
condition of his community supervision; (2) the court ordered that appellant be
arrested for failing to fulfill the conditions of his community supervision,
including failing to participate in counseling; (3) while in jail awaiting
the  hearing on the motion to adjudicate
guilt, appellant requested that a psychological evaluation be performed; (4)
the trial court in fact ordered that a mental health evaluation be performed on
appellant prior to the hearing; and (5) on November 16, 2004, appellant damaged
five windows by striking them with an unknown object.

Regarding the first two matters, there is
no indication in the record as to why the court included counseling among the
conditions for community supervision.  It
may, or may not, have been based on evidence that would have also been capable
of creating a bona fide doubt about a defendant=s competency.[1]  Accordingly, these actions by the trial court
alone do not demonstrate that the court abused its discretion in failing to
hold a hearing on appellant=s competency.

Regarding the third and fourth matters
appellant relies upon, there is no indication in the record (1) whether the
psychological evaluation was ever performed, (2) if performed, what the results
indicated concerning appellant=s competency, and
(3) whether the results were received by the court.  That the judge ordered the evaluation is some
evidence that the judge did in fact make an inquiry into appellant=s mental
faculties, but it is no evidence of appellant=s
incompetency.  What is clear from the
record is that the appellant, his counsel, the prosecutor, and the trial judge
all signed a document in which appellant stated that he was mentally competent
and understood the nature of the charges against him.  While this document does not establish
appellant=s competency to stand trial, it does
strongly suggest that whatever the outcome of the psychological evaluation, no
one who would have been privy to that outcome was concerned with appellant=s competency at
the time of sentencing.  Accordingly,
appellant=s request for and the trial court=s order of a
psychological evaluation do not demonstrate that the court abused its
discretion in failing to hold a hearing on appellant=s competency.








Lastly, regarding the fifth issue raised
by appellant, the smashing of five windows, without any evidence of the
circumstances surrounding this event, we cannot say that it was such a bizarre
act as to create a bona‑fide doubt about appellant=s competency.  See McDaniel, 98 S.W.3d at 710.  Because appellant has failed to demonstrate
that there was any evidence before the trial court raising a bona fide doubt
regarding his competency, we hold that the trial court did not abuse its
discretion in failing to hold a hearing on the matter.  We overrule appellant=s first issue.

Punishment

In his second issue, appellant contends
that the trial court abused its discretion by assessing punishment based on
grounds not alleged in the motion to adjudicate guilt.  The trial court found that appellant violated
six of the conditions placed on his community supervision.  Appellant contends that only two of these six
violations were alleged in the motion to adjudicate because one of the
violations was not listed in the motion at all and three others were abandoned
by the State, as evidenced by the fact that the copy of the motion in the
record had certain allegations lined out or scribbled through.  Appellant supports his arguments by citing to
probation revocation cases.  See
Caddell v. State, 605 S.W.2d 275 (Tex. Crim. App. 1980); Garner v. State,
545 S.W.2d 178 (Tex. Crim. App. 1977).

We begin by noting that appellant=s assertion that
the trial court assessed punishment based on appellant=s violation of the
conditions of his community service is incorrect.  The court=s order clearly
reflects that the court assessed punishment only for the underlying offense for
which appellant was chargedCaggravated assault.  See generally Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon
Supp. 2005) (providing that upon determination by court to proceed with an
adjudication of guilt, all proceedings, including assessment of punishment,
continue as if the adjudication of guilt had not been deferred).  Indeed, the punishment imposed (four years)
was at the low end of the applicable range (two to twenty years).  See Tex.
Pen. Code Ann. ' 12.33(a); 22.02(b) (Vernon 2003).








 Further, unlike post-conviction probation
revocation, a trial court=s determination to revoke community
supervision and adjudicate guilt after a grant of deferred adjudication is not
reviewable on appeal.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b); Connolly
v. State, 983 S.W.2d 738, 740-41 (Tex. Crim. App. 1999).  Consequently, the probation revocation cases
on which appellant relies are inapplicable, and we cannot review his argument
that the trial court erred in revoking his community supervision and proceeding
to adjudicate his guilt based on allegations not contained in the State=s motion for
adjudication.[2]  Accordingly, we overrule appellant=s second issue.

Deadly Weapon Finding

In his third issue, appellant contends
that the trial court abused its discretion by entering a deadly weapon finding
in the judgment when neither the order granting deferred adjudication nor the motion
for adjudication indicated that the State would seek such a finding.  A defendant is certainly entitled to notice
that the State intends to seek a deadly weapon finding.  Ex parte Minott, 972 S.W.2d 760, 761
(Tex. Crim. App. 1998).  Here, appellant
clearly received such notice both in the indictment and in the plea documents
that he signed.[3]  Appellant appears to argue that such notice
was rendered ineffective by the fact that neither the order of deferred
adjudication nor the motion for adjudication mentioned the State=s intention to
seek a deadly weapon finding.  However,
appellant does not explain why either document should have included that
information.








In Sampson v. State, our sister
court dealt with the question of whether a trial court could make an
affirmative finding of a deadly weapon in the order adjudicating guilt when it
did not make that finding in its order deferring adjudication.  983 S.W.2d 842, 843 (Tex. App.CHouston [1st
Dist.] 1998, pet. ref=d). 
The court explained that the purpose of a trial court making a deadly
weapon finding was to aid the Department of Criminal Justice in calculating a
prisoner=s
parole-eligibility date.  Id.
(citing Tex. Gov=t Code Ann. ' 508.145(d)
(Vernon 1998), among other statutes and cases). 
The court further reasoned that because parole eligibility only applies
to incarcerated persons, and persons on deferred adjudication are not
incarcerated, a finding on a deadly weapon has no place in an order of deferred
adjudication.  Id.  We agree with our sister court=s reasoning and
conclusions.

Similarly, there is no reason for the
motion for adjudication to include a request for a deadly weapon finding when
the defendant has already received proper notification.  Cf. Tellez v. State, 170 S.W.3d 158, 163
(Tex. App.CSan Antonio 2005, no pet.) (holding trial
court erred in entering deadly weapon finding in judgment because state did not
give any notice of intent to seek such a finding prior to or during deferred
adjudication proceedings); Lister v. State, 24 S.W.3d 525, 526-27 (Tex.
App.CCorpus Christi
2000, pet. ref=d) (rejecting defendant=s argument that he
lacked notice of deadly weapon finding because it was not mentioned in plea
papers, where it was included in indictment); Alexander v. State, 868
S.W.2d 356, 360 (Tex. App.CDallas 1993, no
pet.) (same).  The purpose of such a
motion is to apprise the court of the defendant=s alleged
violations of the conditions of his community supervision; it is not to
recharge the defendant with the crime. 
Appellant received proper notice of the State=s intention to
seek an affirmative deadly weapon finding by its inclusion in the indictment
and the plea documents.  Accordingly, we
overrule appellant=s third issue.

We affirm the trial court=s judgment.

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Opinion filed January 12, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  The offense
with which appellant was charged and ultimately convicted for was aggravated
assault on a family member.  The court
may well have wanted appellant to receive counseling for anger management
issues or other problems that would not necessarily impact his ability to consult with his attorney or
understand the proceedings against him.  See Tex.
Code Crim. Proc. Ann. art. 46B.003(a).





[2]  Appellant also
cites Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001), for the
proposition that an appellant may Aassert
error regarding irregularities surrounding the proceedings in which his guilt
was adjudicated and punishment assessed.@  Appellant does not provide a pinpoint
citation, and we are unable to find support for this broad proposition in that
case.  In Vidaurri, the defendant
appealed the trial court=s failure to hold a hearing on punishment after the
court determined to adjudicate his guilt and assess punishment.  Id. at 881.  The case does not touch upon the trial court=s determination to revoke community supervision and
adjudicate guilt.  Thus, it is not
applicable to the case before us.





[3]  The indictment
charged appellant with aggravated assault with a deadly weapon.  Appellant pleaded guilty to the charged
offense.  The plea papers signed by
appellant included a notation that he agreed to a recommendation of punishment
that included an affirmative deadly weapon finding.