Gary Shane KINKAID, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–04–00368–CR.

Court of Appeals of Texas,
Waco.

Feb. 15, 2006.

Mark D. Griffith, Griffith & Associates, Waxahachie, TX, for Appellant/Relator.

Joe F. Grubbs, Ellis County Dist. Atty., Waxahachie, David W. Vernon, Special Prosecutor Johnson Asst. Dist. Atty., Cleburne, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

BILL VANCE, Justice.

As authorized by Rule 50 of the Rules of Appellate Procedure, we issue this modified opinion within 30 days after the State filed a Petition for Discretionary Review.[1] TEX.R.APP. P. 50.

## INTRODUCTION

Gary Shane Kinkaid pled guilty to the felony offense of aggravated assault with a deadly weapon. Adjudication was deferred and he was placed on community supervision for a period of five years. In the order placing Kinkaid on deferred adjudication, the trial court did not enter a deadly weapon finding. The trial court ultimately revoked Kinkaid's community supervision, adjudicated his guilt, made a deadly weapon finding, and sentenced him to twenty years in prison. Kinkaid appeals his revocation. In his sole issue, Kinkaid contends that the trial court erred by entering an affirmative deadly weapon finding in the order revoking his community supervision.

## LAW AND ANALYSIS

As the *Sampson* court explained, the purpose of making an affirmative deadly weapon finding is to assist in calculating a prisoner's parole eligibility date. *Sampson v. State*, 983 S.W.2d 842 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd). Parole eligibility applies only to incarcerated individuals. It is not applicable when the adjudication of guilt of a defendant has been deferred and he is placed on community supervision. *Id.* Therefore, a deadly weapon finding is not appropriate in an order of deferred adjudication. *Id.*

If a trial court determines a defendant has violated the terms of his deferred adjudication and assesses imprisonment as punishment, it is then appropriate to make an affirmative deadly weapon finding in the order adjudicating guilt. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.2005). In this case, the trial court correctly entered the affirmative deadly weapon finding in the order adjudicating guilt.

We overrule Kinkaid's sole issue.

## CONCLUSION

The trial court's judgment is affirmed. Our opinions and judgment dated Decem-

---

1. The State's PDR is an excellent discussion of the issue and the ramifications of our original opinion.

ber 14, 2005, are withdrawn, and this opinion is substituted as the opinion of the court. TEX.R.APP. P. 50. The State's Petition for Discretionary Review is dismissed by operation of law. *Id.*

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice concurring on petition for discretionary review.

I withdraw my dissenting opinion dated December 14, 2005 and substitute this concurring opinion. What follows is my original dissenting opinion with the modifications necessary to reflect that the majority now overrules Kinkaid's sole issue regarding the trial court's deadly weapon finding.

The majority originally failed to distinguish deferred-adjudication community supervision from regular community supervision or imprisonment. *See Saffell v. State*, Nos. 05–03–01549–CR & 05–03–01550–CR, 2005 WL 289349, at *3 (Tex.App.-Dallas Feb.8, 2005, no pet.) (not designated for publication) (mem.op.) (distinguishing imprisonment from deferred-adjudication community supervision); *cf. Rivers v. State*, 99 S.W.3d 659 (Tex.App.-Waco 2003, no pet.) (regular community supervision). "The purpose of a trial court's making an affirmative finding of a deadly weapon is to aid in calculating a prisoner's parole-eligibility date." *Johnson v. State*, No. 05–00–00464–CR, 2002 WL 1788002, at *3 (Tex.App.-Dallas Aug.5, 2002, no pet.) (not designated for publication); *accord Samp-son v. State*, 983 S.W.2d 842, 843 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd). "An affirmative finding of a deadly weapon is not applicable to an order of deferred adjudication because parole eligibility applies to persons who are imprisoned." *Sampson* at 843 (citing TEX. GOV'T CODE ANN. § 508.145(d) (Vernon [2004] )); *Johnson* at *3. "If a trial court determines that a defendant has violated the terms of his deferred adjudication and assesses imprisonment as a punishment, the trial court is required to enter any affirmative finding of a deadly weapon in its order adjudicating guilt." *Sampson* at 843–44 (citing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. [2005] )); *accord Johnson* at *3. "The finding would have had no legal consequence at the earlier stage in the proceedings, so it was not required to be entered at that time." 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 38.110, at 738 (2d ed.2001).

## CONCLUSION

Because the majority now affirms the trial court's judgment, including the deadly weapon finding, I concur in the judgment.