

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00121-CR

---

ALAN LESLIE BALDERAMOS                                      APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

### FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

This is a community supervision revocation appeal. In two issues, appellant Alan Leslie Balderamos argues that the trial court erred by entering a deadly-weapon finding in the judgment adjudicating his guilt and that his guilty

---

[1]*See* Tex. R. App. P. 47.4.

plea was involuntary because the trial court did not admonish him as to the consequences of a deadly-weapon finding. We will affirm.

## II. PROCEDURAL BACKGROUND

The State indicted Balderamos for aggravated assault with a deadly weapon and for retaliation. Balderamos pleaded guilty to aggravated assault with a deadly weapon. The trial court deferred adjudication and placed him on community supervision for five years. In the "unadjudicated judgment," the trial court entered "Deferred" in the section labeled "Findings on Deadly Weapon."

The State subsequently filed a petition to proceed to adjudication, alleging four grounds for revocation. The State waived the allegations in paragraph three, and Balderamos pleaded "true, but" to the allegations in paragraphs one, two, and four. The trial court found that Balderamos had violated all three paragraphs and sentenced him to ten years and one day in prison. In the judgment adjudicating guilt, the trial court entered "Yes, an automobile" in the section labeled "Findings on Deadly Weapon." Balderamos brought this appeal.[2]

---

[2]Balderamos first attempted to appeal pro se from the judgment adjudicating his guilt, but this court dismissed that appeal for want of jurisdiction based on an untimely-filed notice of appeal. *See Balderamos v. State*, No. 02-10-00088-CR, 2010 WL 1730817, at *1 (Tex. App.—Fort Worth Apr. 29, 2010, no pet.) (mem. op., not designated for publication). The court of criminal appeals subsequently granted Balderamos an out-of-time appeal because, although the Tarrant County District Clerk had not timely received Balderamos's notice of appeal, evidence existed that he had timely mailed it. *See Ex Parte Balderamos*, No. AP-76968, 2013 WL 458003, at *1 (Tex. Crim. App. Feb. 6, 2013) (not designated for publication).

### III. DEADLY-WEAPON FINDING

In his first issue, Balderamos contends that the trial court erred by making a deadly-weapon finding in the judgment adjudicating his guilt because the trial court did not make a deadly-weapon finding in the deferred adjudication community supervision order. Balderamos claims that the trial court should have made the deadly-weapon finding in the deferred adjudication order because the promulgated deferred adjudication form contains a "Findings on Deadly Weapon" section.

One purpose of entering an affirmative deadly-weapon finding is to assist the Texas Department of Criminal Justice (TDCJ) in calculating a prisoner's parole-eligibility date. *See Johnson v. State*, 233 S.W.3d 420, 424 (Tex. App.—Fort Worth 2007, pet. ref'd); *Kinkaid v. State*, 184 S.W.3d 929, 930 (Tex. App.—Waco 2006, no pet.). The Texas Code of Criminal Procedure requires that a trial court enter a separate and specific deadly-weapon finding in a judgment so that the TDCJ can compute a defendant's parole date. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2013); *Lafleur v. State*, 106 S.W.3d 91, 94 (Tex. Crim. App. 2003) (citing *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985)); *Johnson*, 233 S.W.3d at 424. Parole eligibility applies to incarcerated individuals and is not applicable or appropriate in an order of deferred adjudication. *See* Tex. Gov't Code Ann. § 508.145(d) (West Supp. 2013); *Kinkaid*, 184 S.W.3d at 930; *Marshall v. State*, 860 S.W.2d 142, 143 (Tex. App.—Dallas 1993, no pet.); *see also Upton v. State*, No. 05-96-00931-CR, 1998

WL 8689, at *6 (Tex. App.—Dallas Jan. 13, 1998, no pet.) (not designated for publication) ("Nothing in the Texas Code of Criminal Procedure required the trial judge to make the deadly weapon finding prior to adjudicating appellant's guilt.").

In this case, the indictment alleged that Balderamos "did use or exhibit a deadly weapon during the commission of the assault, to wit: an automobile." Balderamos pleaded guilty to the offense and signed a judicial confession stating that he "committed each and every act alleged" in the indictment. The trial court found sufficient evidence to establish Balderamos's guilt but deferred adjudicating his guilt, deferred entering a deadly-weapon finding, and instead placed him on deferred adjudication community supervision. Thus, when the trial court entered the unadjudicated judgment on Balderamos's guilty plea deferring adjudication, parole eligibility was not applicable and a deadly-weapon finding was not necessary. *See Kinkaid*, 184 S.W.3d at 930. When the trial court later adjudicated Balderamos's guilt and assessed punishment, article 42.12, section 3g(a)(2) required that the trial court enter a deadly-weapon finding. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2); *Lafleur*, 106 S.W.3d at 94 (citing *Polk*, 693 S.W.2d at 394). We hold that the trial court did not err by entering the deadly-weapon finding in the judgment adjudicating Balderamos's guilt and overrule his first issue.

## IV. DEADLY-WEAPON ADMONISHMENT

In his second issue, Balderamos contends that his guilty plea was involuntary because the trial court failed to admonish him that a deadly-weapon finding would affect his eligibility for parole.

A defendant must raise complaints involving an original plea proceeding immediately after a trial court imposes a deferred adjudication order. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). An appellant cannot attack his original guilty plea in an appeal from a judgment adjudicating guilt unless the judgment is void. *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001); *see also Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001) (stating that a judgment is rarely void and that "[a]n 'involuntary plea' does not constitute one of those rare situations"); *Jones v. State*, No. 03-10-00546-CR, 2013 WL 1955803, at *2 (Tex. App.—Austin May 8, 2013, no pet.) (mem. op., not designated for publication) (holding that defendant could not challenge the voluntariness of her original guilty plea in an appeal following a judgment adjudicating her guilt); *Engleton v. State*, No. 11-11-00017-CR, 2012 WL 4754914, at *1 (Tex. App.—Eastland Oct. 4, 2012, pet. ref'd) (mem. op., not designated for publication) (holding that voluntariness of appellant's original guilty plea could not be raised in direct appeal from judgment adjudicating guilt).

Balderamos's contention that his guilty plea was involuntary is an issue relating to the original plea hearing, and he may not raise it in a direct appeal from the judgment adjudicating his guilt. *See Nix*, 65 S.W.3d at 668 n.14;

5

*Manuel*, 994 S.W.2d at 661–62; *see also Jordan*, 54 S.W.3d at 785 (noting that involuntariness claims are cognizable on writ of habeas corpus).  We overrule Balderamos's second issue.

## V. CONCLUSION

Having overruled both of Balderamos's issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 13, 2014