**AFFIRM; and Opinion Filed June 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00725-CR

**CRAIG LADARIUS THOMAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1170706-T**

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

This is a community supervision revocation appeal. In his sole issue on appeal, appellant Craig Thomas argues that the trial court erred by entering a deadly-weapon finding in the judgment adjudicating his guilt. We affirm the trial court's judgment.

Appellant was indicted for the felony offense of aggravated robbery with a deadly weapon to which he pled guilty. The trial court deferred adjudication and placed appellant on community supervision for seven years. In the order of deferred adjudication, the trial court entered "N/A" in the section labeled "Findings on Deadly Weapon." The State subsequently filed a motion to revoke probation or proceed with adjudication of guilt, alleging seven grounds for revocation. Appellant pled "true" to all seven allegations in the State's motion to revoke probation. The trial court found that appellant had violated the terms and conditions of community supervision as set out in the State's motion, and sentenced him to fifteen years in

prison. In the judgment adjudicating guilt, the trial court entered "Yes, not a firearm" in the section labeled "Findings on Deadly Weapon." This appeal followed.

In his sole issue, appellant contends that the trial court erred by making a deadly-weapon finding in the judgment adjudicating his guilt because the trial court failed to make a deadly-weapon finding in his deferred adjudication community supervision order. Appellant argues that such a finding is required by the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2014).

One purpose of entering an affirmative deadly-weapon finding in a judgment is to assist the Texas Department of Criminal Justice (TDCJ) in calculating a prisoner's parole-eligibility date. *See Johnson v. State*, 233 S.W.3d 420, 424 (Tex. App.—Fort Worth 2007, pet. ref'd). The Texas Code of Criminal Procedure requires that a trial court enter a separate and specific deadly-weapon finding in a judgment so the TDCJ can compute a defendant's parole date. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2); *see also Lafleur v. State*, 106 S.W.3d 91, 94 (Tex. Crim. App. 2003). However, "an affirmative finding of a deadly weapon is not applicable to an order of deferred adjudication because parole eligibility only applies to persons who are imprisoned." *Sampson v. State*, 983 S.W.2d 842, 843 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

In this case, the indictment alleged that while in the course of committing theft of property, appellant threatened Artist Jordan with imminent bodily injury and death, and appellant "used and exhibited a deadly weapon, to-wit: a tire iron." Appellant pled guilty to the offense and signed a judicial confession stating that he committed the offense "exactly as alleged in the indictment." The trial court found sufficient evidence to establish appellant's guilt, but did not find him guilty at that time. Instead, the trial court deferred adjudication of guilt, deferred entering a deadly-weapon finding, and placed appellant on deferred adjudication community

supervision.  Thus, when the trial court entered the unadjudicated judgment on appellant's guilty plea deferring adjudication, parole eligibility was not applicable and a deadly-weapon finding was not necessary.  *See Kinkaid v. State*, 184 S.W.3d 929, 930 (Tex. App.—Waco 2006, no pet.). When the trial judge later adjudicated appellant's guilt and assessed punishment, article 42.12, section 3g(a)(2) required that the trial court enter any affirmative finding of a deadly weapon in its order adjudicating guilt.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2); *Sampson*, 983 S.W.2d at 843–44.

The trial court correctly determined that an affirmative finding of a deadly weapon was not applicable to the trial court's order of deferred adjudication, but was applicable to its judgment adjudicating guilt.  *See Sampson*, 938 S.W.2d at 844.  Accordingly, we overrule appellant's sole issue.

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

140725F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CRAIG LADARIUS THOMAS, Appellant

No. 05-14-00725-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1170706-T.
Opinion delivered by Justice Schenck.
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 18th day of June, 2015.