**Affirmed and Memorandum Opinion filed November 5, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00057-CR

**ROBERT EUGENE PRYOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 13CR1914**

## M E M O R A N D U M   O P I N I O N

Appellant Robert Eugene Pryor pled guilty to aggravated robbery. The trial court deferred an adjudication of guilt and placed appellant under community supervision for five years. Subsequently, the State moved to adjudicate guilt. Following a hearing, the trial court adjudicated guilt and sentenced appellant to confinement for eighteen years in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, appellant claims the

trial court erred in entering "N/A" in the judgment on the finding of whether a deadly weapon was used. We affirm.

The record reflects the trial court entered "N/A" under "Findings on Deadly Weapon" in the order of deferred adjudication. At the hearing on the State's motion to revoke, the trial court recognized " . . . in the underlying paperwork there was no appropriate affirmative finding of a deadly weapon . . . and, therefore, this judgment adjudicating guilt does not have a finding of a deadly weapon."

Appellant asserts the trial court should have entered explicitly that there had been no affirmative findings of a deadly weapon in appellant's case, rather than the entry of "N/A" in the judgment. Appellant asks that we reverse and remand and order the trial court to reform the judgment. The State counters that the judgment should be affirmed.

Appellant is correct that one purpose of entering an affirmative deadly weapon finding in a judgment is to assist the Texas Department of Criminal Justice in calculating a prisoner's parole eligibility date. *See Johnson v. State*, 233 S.W.3d 420, 424 (Tex. App.—Fort Worth 2007, pet. ref'd). The Texas Code of Criminal Procedure requires that when a trial court makes an affirmative finding of a deadly weapon, it must enter the finding in its judgment so the Department of Criminal Justice can compute a prisoner's parole date. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2); *Sampson v. State*, 983 S.W.2d 842, 843 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). However, "an affirmative finding of a deadly weapon is not applicable to an order of deferred adjudication because parole eligibility only applies to persons who are imprisoned." *Id.* at 843.

Thus, when the trial court entered the order on appellant's guilty plea deferring adjudication, parole eligibility was not applicable and a deadly-weapon finding was not necessary. *See Kinkaid v. State*, 184 S.W.3d 929, 930 (Tex.

App.—Waco 2006, no pet.). When the trial judge later adjudicated appellant's guilt and assessed punishment, article 42.12, section 3g(a)(2) required that the trial court enter any affirmative finding of a deadly weapon in its order adjudicating guilt. *See* Tex. Code Crim. Proc. art. 42.12 § 3g(a)(2); *Sampson*, 983 S.W.2d at 843–44.

In the case at bar, no affirmative finding of a deadly weapon was entered in the order adjudicating guilt. In a bench trial, the trial judge has the discretion to decline to make a deadly weapon finding even when the use of a deadly weapon is a necessary element of the charged offense. *See Guthrie-Nail v. State*, PD-0125-14, 2015 WL 5449642, *4 (Tex. Crim. App. Sept. 16, 2015) (not yet released for publication), *citing Hooks v. State,* 860 S.W.2d 110 (Tex. Crim. App. 1993). The record before this court does not show that the failure to enter a deadly-weapon finding was a clerical error. Rather, the written entry of "N/A" in the judgment is an explicit determination that a deadly-weapon finding was not being made. *See id.* at 5.[1] Because such a determination was within the trial court's discretion, we overrule appellant's sole issue and affirm the trial court's judgment.

/s/     Ken Wise
         Justice

Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] *See Ex parte Brooks*, 722 S.W.2d 140, 142 (Tex. Crim. App. 1986) (where there was not an affirmative finding of a deadly weapon entered in the judgment, applicant was entitled to have his parole eligibility date calculated without the effect of an affirmative finding).