

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00188-CR

_____

CHRIS ANTHONY PLATERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. 16-23487; Honorable Trent Farrell, Presiding

August 9, 2018

## MEMORANDUM OPINION

Before QUINN, CJ., and CAMPBELL, AND PIRTLE, JJ.

In July 2016, Appellant, Chris Anthony Platero, was placed on deferred adjudication community supervision for five years for aggravated assault, a second degree felony.[1] Seven months later, the State filed a motion to adjudicate guilt and revoke community supervision for violation of the condition prohibiting him from owning or

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

possessing a firearm or a prohibited weapon described in section 46.05 of the Texas Penal Code. At a hearing on the State's motion, Appellant entered a plea of true to the alleged violation. His signed *Stipulation of Evidence*, in which he judicially confessed to violating the condition of community supervision, was admitted into evidence. After hearing testimony, the trial court found Appellant competent and adjudicated him guilty of the original offense of aggravated assault, sentenced him to fifteen years confinement, and made an affirmative finding on use of a deadly weapon.[2] The trial court announced that no fine, fees, costs, or attorney's fees were to be assessed. In presenting this appeal from the trial court's *Judgment Adjudicating Guilt*, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.[4] We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the

---

[2] If the trial court enters an order adjudicating guilt and assesses imprisonment as punishment, it is then appropriate to make an affirmative deadly-weapon finding. *Kinkaid v. State*, 184 S.W.3d 929, 930 (Tex. App.—Waco 2006, no pet.).

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

BACKGROUND

Appellant struggles with serious mental issues including schizoaffective disorder and PTSD. In September 2014, Appellant and his girlfriend had a serious argument and she left him.[6] He showed up at her home "ranting and raving" and she asked him to leave while pointing a shotgun at him. After their argument, Appellant drank excessively and required treatment for alcohol poisoning. He later set himself on fire, which required hospitalization.

The two reconciled a month later only to have another serious argument in 2016. According to his girlfriend, Appellant was very aggressive and had poured gasoline in the living room. He was blocking the front door, so she left through a window. She returned the following day to retrieve her belongings and feeling unsafe, she enlisted the aid of local police officers to do so. As they approached the residence, Appellant came out with

---

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

[6] During his testimony, Appellant referred to his girlfriend as his wife.

a chain saw and warned them not to come near him. He started the chain saw and held it in a threatening manner prompting the officers to draw their weapons. A mental health officer was called to the scene and he eventually deployed his taser to subdue Appellant.

The incident resulted in Appellant being charged with aggravated assault and being placed on deferred adjudication community supervision. During his period of community supervision, he received treatment for his mental health issues and learned to cope with stressors. He tried to work odd jobs and for the most part, avoided contact with people.

The event leading to adjudication of his guilt on the original charge of aggravated assault involved shooting a dog. Appellant's girlfriend had gone outside the house to tend to trash cans when she noticed two aggressive dogs growling at her. She went inside the house and called animal control. She went back outside, this time accompanied by her teenage daughter, to report the location of the dogs to animal control when the dogs began attacking Appellant's two dogs. Appellant retrieved a shotgun and shot one of the dogs. The second dog was labeled as dangerous and was euthanized. The weapon used by Appellant was described as a combat assault shotgun. A patrol officer in the area heard the gunshot and responded when he was flagged down by people in the neighborhood.

Appellant self-reported to his community supervision officer that he had discharged a weapon and killed a dangerous dog in defense of his girlfriend and her daughter. Notwithstanding Appellant's compliance with all but one of the conditions of his community supervision, the State moved to proceed with adjudication.

Appellant's community supervision officer testified that he complied with the required terms and conditions and made a consistent effort to comply with financial conditions. She also noted that he is under the care of a psychiatrist, takes his medications, and is working to manage his mental health issues. She testified that she believed Appellant would continue to work on his mental health if he remained on community supervision. She acknowledged that Appellant's girlfriend is instrumental in his compliance with the conditions of community supervision and keeping his life organized. Despite Appellant's compliance with the conditions of community supervision, she had great concern that he had the prohibited weapon and discharged it in the city limits.

In his defense, Appellant testified he believed that under the Castle Doctrine,[7] he could possess the shotgun to defend his girlfriend and her daughter. He claimed to have received the shotgun earlier in the year as a birthday gift from a friend and did not realize it was considered a "firearm" which he was prohibited from possessing. Based on Appellant's *Stipulation of Evidence*, plea of true, and testimony presented, the trial court adjudicated him guilty of aggravated assault and sentenced him to fifteen years confinement.

STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018). When reviewing an order revoking community supervision imposed under an order of

---

[7] *See* TEX. PENAL CODE ANN. § 9.32 (West 2011) entitled "Deadly Force in Defense of Person."

deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

ANALYSIS

By the *Anders* brief, counsel reviews the elements the State was required to prove to support revocation of Appellant's community supervision and concedes reversible error is not shown. Counsel acknowledges that Appellant's plea of true alone is sufficient to support the trial court's judgment. He also examines the propriety of Appellant's sentence and concludes that any argument with regard to punishment was not preserved for review. Even if it had been preserved, generally, a sentence within the statutory range

precludes reversal on appeal. *See Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006).

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

The trial court's *Judgment Adjudicating Guilt* is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.