

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00188-CR

WILLIAM CHADWICK REDMON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1751164

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

William Chadwick Redmon shot Brylon Fagan, causing his death. Redmon pled guilty to manslaughter and, pursuant to a plea bargain with the State, the trial court placed him on deferred adjudication community supervision for ten years. *See* TEX. PENAL CODE ANN. § 19.04 (Supp.). A term and condition of Redmon's community supervision required him to refrain from possessing any firearms. The State alleged that Redmon violated that term and condition and moved to adjudicate his guilt. After a hearing, the trial court found the State's allegation true, adjudicated Redmon's guilt for manslaughter, and sentenced him to twenty years' imprisonment. The trial court also made a deadly weapon finding.

On appeal, Redmon argues that his sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment because it is grossly disproportionate to his offense. Redmon also argues that the trial court erred by making a deadly weapon finding because "the deferred adjudication proceedings foreclosed any finding of a deadly weapon at revocation."[1] We find that Redmon failed to preserve any Eighth Amendment complaint and that the trial court's deadly weapon finding was proper. As a result, we affirm the trial court's judgment.

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

## I.      Redmon Failed to Preserve His Eighth Amendment Complaint

In his first point of error on appeal, Redmon argues that although his twenty-year sentence "falls within the statutory range applicable to the crime in question," the sentence is still disproportionate to the offense of manslaughter.[2]

"It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial court an opportunity to correct the error, if any." *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Id.* (citing TEX. R. APP. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *see Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.).

Here, the State argues that Redmon failed to complain about the disproportionality of his sentence at trial or in a motion for new trial. Our review of the record confirms this. As a result, Redmon failed to preserve his Eighth Amendment complaint for our review. *See Means*, 347 S.W.3d at 874; *Kim*, 283 S.W.3d at 475. Consequently, we overrule Redmon's first point of error.

---

[2]"Generally, punishment within the statutory limits is not excessive, cruel or unusual." *Hammer v. State*, 461 S.W.3d 301, 303–04 (Tex. App.—Fort Worth 2015, no pet.).

## II. The Trial Court's Deadly Weapon Finding Was Proper

In his second point of error, Redmon argues that the trial court is precluded from making a deadly weapon finding because the order placing him on deferred adjudication did not contain one. We disagree.

"One purpose of entering an affirmative deadly-weapon finding is to assist in calculating a prisoner's parole eligibility date." *Roots v. State*, 419 S.W.3d 719, 724 (Tex. App.—Fort Worth 2013, pet. ref'd) (citing *Kinkaid v. State*, 184 S.W.3d 929, 930 (Tex. App.—Waco 2006, no pet.)). Since "parole eligibility applies only to incarcerated individuals," "[i]t is not applicable when the adjudication of guilt of a defendant has been deferred and he is placed on community supervision." *Kinkaid*, 184 S.W.3d at 930. As a result, "a deadly weapon finding is not appropriate in an order of deferred adjudication." *Id.*

Since there is no reason to include a deadly weapon finding in an order of deferred adjudication, the absence of one does not preclude such a finding when a defendant's guilt is later adjudicated. This is because "[t]he [Texas] court of criminal appeals has held that a factfinder may make an affirmative deadly-weapon finding by simply convicting a defendant based upon an indictment that expressly contained and required a deadly-weapon finding." *Roots*, 419 S.W.3d at 724 (citing *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985) ("[I]f the indictment by allegation specifically places the issue before the trier of fact . . . , then an affirmative finding is de facto made when the defendant is found guilty 'as charged in the indictment.'" (alteration in original))).

Here, the State's indictment alleged that Redmon caused Fagan's death by shooting him with a firearm. Redmon's plea paperwork specified, "The State does not waive the deadly weapon finding." Even though the trial court deferred a finding of Redmon's guilt, "the trial court made a deadly-weapon finding when it convicted appellant" after the adjudication hearing. *Id.* at 725 (affirming a judgment nunc pro tunc that added the deadly weapon finding); *see Sampson v. State*, 983 S.W.2d 842, 844 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) ("[T]he trial court correctly determined that an affirmative finding of a deadly weapon was not applicable to the trial court's order of deferred adjudication, but was applicable to its order adjudicating appellant's guilt."). Because the trial court's deadly weapon finding was proper, we overrule Redmon's second point of error.

## III. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     September 9, 2025
Date Decided:       November 10, 2025

Do Not Publish