Luther RIVERS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 10–02–091–CR.

Court of Appeals of Texas, Waco.

Jan. 29, 2003.

Nikki Mundkowsky, Belton, for appellant.

Riley J. Simpson, Coryell County Dist. Atty., Gatesville, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Luther Rivers, Jr. pled guilty to the felony offense of aggravated assault. The trial court sentenced Rivers to ten years in prison. It then suspended the sentence and placed Rivers on community supervision for ten years. The trial court ultimately revoked Rivers's community supervision, made a deadly weapon finding, and sentenced him to ten years in prison. Rivers appeals his revocation. We affirm as reformed.

In his sole issue, Rivers contends that the trial court erred by entering an affirmative deadly weapon finding in the order revoking Rivers's community supervision. The trial court had not entered a deadly weapon finding in its earlier judgment. Rivers is correct.

The Code of Criminal Procedure provides that the trial court "shall" enter an affirmative deadly weapon finding in the judgment of the court. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g (a)(2) (Vernon Supp.2003). The Court of Criminal Appeals has said that when a trial court forgoes an affirmative finding regarding a deadly weapon at the time of the judgment and suspends the sentence, it has no authority to enter such finding in connection with the subsequent revocation of community supervision. *Ex parte Shaw,* 724 S.W.2d 75, 77 (Tex.Crim.App.1987). The trial court had no authority to enter the deadly weapon finding in the order revoking Rivers's community supervision.

Rivers's sole issue is sustained. The revocation order is reformed to delete the deadly weapon finding. As reformed, the trial court's order of revocation is affirmed.