IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00368-CR

 

Gary Shane Kinkaid,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 27777CR

 



MEMORANDUM  Opinion



 

Gary Shane Kinkaid pled guilty to the felony
offense of aggravated assault with a deadly weapon.  He received a deferred
sentence and was placed on community supervision for a period of five years. 
The trial court ultimately revoked Kinkaid’s community supervision, made a
deadly weapon finding, and sentenced him to twenty years in prison.  Kinkaid
appeals his revocation.  We affirm as reformed.

In his sole issue, Kinkaid contends that the
trial court erred by entering an affirmative deadly weapon finding in the order
revoking Kinkaid’s community supervision.  The trial court had not entered a
deadly weapon finding in its earlier judgment; in fact, it entered “none.”

     The Code of Criminal Procedure provides
that the trial court "shall" enter an affirmative deadly weapon
finding in the judgment of the court.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp. 2005).  When
a trial court forgoes an affirmative finding regarding a deadly weapon at the
time of the judgment and suspends the sentence, it has no authority to enter
such finding in connection with the later revocation of community supervision. 
Rivers v. State, 99 S.W.3d 659, 660 (Tex. App.—Waco 2003, no pet.).  The
trial court had no authority to enter the deadly weapon finding in the order
revoking Kinkaid’s community supervision.

Kinkaid’s sole issue is sustained.  The
revocation order is reformed to delete the deadly weapon finding.  As reformed,
the trial court's order of revocation is affirmed.

 

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray dissenting)

Affirmed
as reformed

Opinion
delivered and filed December 14, 2005

Do
not publish

[CR25]