IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00421-CV

 

In re
Sue Walston

 

 

 



Original Proceeding

 



ORDER OF RECUSAL










 

          I hereby order myself recused from
further participation in this case pursuant to Texas Rule of Appellate
Procedure 16.2, which incorporates by reference Texas Rule of Civil Procedure
18b.  See Tex. R. Civ. P.
18b(2)(a).

          Signed February 7, 2006.

 

 

                                                                   TOM
GRAY

                                                                   Chief
Justice






'>      I dissent.  The majority fails to distinguish
deferred-adjudication community supervision from regular community supervision
or imprisonment.  See Saffell v. State, Nos. 05-03-01549-CR &
05-03-01550-CR, 2005 WL 289349, at *3 (Tex. App.—Dallas Feb. 8, 2005, no pet.)
(not designated for publication) (mem. op.) (distinguishing imprisonment from
deferred-adjudication community supervision); cf. Rivers v. State, 99
S.W.3d 659 (Tex. App.—Waco 2003, no pet.) (regular community supervision). 
“The purpose of a trial court’s making an affirmative finding of a deadly
weapon is to aid in calculating a prisoner’s parole-eligibility date.”   Johnson
v. State, No. 05-00-00464-CR, 2002 WL 1788002, at *3 (Tex. App.—Dallas Aug. 5, 2002, no pet.) (not designated for publication); accord Sampson v.
State, 983 S.W.2d 842, 843 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref’d). “An affirmative finding of a deadly weapon is not applicable to
an order of deferred adjudication because parole eligibility applies to persons
who are imprisoned.”  Sampson at 843 (citing Tex. Gov’t Code Ann. § 508.145(d) (Vernon [2004])); Johnson
at *3.  “If a trial court determines that a defendant has violated the
terms of his deferred adjudication and assesses imprisonment as a punishment,
the trial court is required to enter any affirmative finding of a deadly weapon
in its order adjudicating guilt.”  Sampson at 843-44 (citing Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(2) (Vernon Supp. [2005])); accord Johnson at *3. “The
finding would have had no legal consequence at the earlier stage in the
proceedings, so it was not required to be entered at that time.”  43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 38.110, at 738 (2d ed. 2001).

 

TOM GRAY

Chief
Justice

Dissenting
opinion delivered and filed December 14, 2005

Publish

[CR25]