IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00368-CR

 

Gary Shane Kinkaid,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 27777CR

 



Concurring  Opinion on petition for

discretionary review










 

      I withdraw my dissenting opinion dated
December 14, 2005 and substitute this concurring opinion.  What follows is my
original dissenting opinion with the modifications necessary to reflect that
the majority now overrules Kinkaid’s sole issue regarding the trial court’s
deadly weapon finding.

      The majority originally failed to
distinguish deferred-adjudication community supervision from regular community
supervision or imprisonment.  See Saffell v. State, Nos. 05-03-01549-CR
& 05-03-01550-CR, 2005 WL 289349, at *3 (Tex. App.—Dallas Feb. 8, 2005, no
pet.) (not designated for publication) (mem. op.) (distinguishing imprisonment
from deferred-adjudication community supervision); cf. Rivers v. State, 99
S.W.3d 659 (Tex. App.—Waco 2003, no pet.) (regular community supervision). 
“The purpose of a trial court’s making an affirmative finding of a deadly
weapon is to aid in calculating a prisoner’s parole-eligibility date.”   Johnson
v. State, No. 05-00-00464-CR, 2002 WL 1788002, at *3 (Tex. App.—Dallas Aug. 5, 2002, no pet.) (not designated for publication); accord Sampson v.
State, 983 S.W.2d 842, 843 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref’d). “An affirmative finding of a deadly weapon is not applicable to
an order of deferred adjudication because parole eligibility applies to persons
who are imprisoned.”  Sampson at 843 (citing Tex. Gov’t Code Ann. § 508.145(d) (Vernon [2004])); Johnson
at *3.  “If a trial court determines that a defendant has violated the
terms of his deferred adjudication and assesses imprisonment as a punishment,
the trial court is required to enter any affirmative finding of a deadly weapon
in its order adjudicating guilt.”  Sampson at 843-44 (citing Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(2) (Vernon Supp. [2005])); accord Johnson at *3. “The
finding would have had no legal consequence at the earlier stage in the
proceedings, so it was not required to be entered at that time.”  43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 38.110, at 738 (2d ed. 2001).

Conclusion

      Because the majority now affirms the trial
court’s judgment, including the deadly weapon finding, I concur in the
judgment.

TOM GRAY

Chief
Justice

Concurring
opinion delivered and filed February 15, 2006

Publish

[CR25]