Opinion filed September 13, 2007 















 
 
  
 
 







 
 
  
 
 




Opinion filed September 13, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00262-CR 

                                                    __________

 

                                 DAVID ERIC WILLIAMS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
 County, Texas

 

                                                    Trial
Court Cause No. 14184

 



 

                                                                   O
P I N I O N








This is
an appeal from a judgment revoking community supervision.  David Eric Williams originally entered a plea
of guilty to the second degree felony offense of aggravated assault.  Pursuant to the plea bargain agreement, the
trial court convicted appellant and assessed his punishment at confinement for
ten years and a $3,000 fine.  Consistent
with the plea bargain agreement,  the
trial court suspended the imposition of the sentence and placed appellant on
community supervision for ten years.  At
the hearing on the State=s motion to revoke, appellant entered pleas
of true to six of the State=s allegations.  The trial court found nine of the State=s allegations to be true.  The trial court then revoked appellant=s 
community supervision and imposed a sentence of confinement for six
years.  In its revocation judgment, the
trial court also entered a deadly weapon finding as to the aggravated assault
offense.  We modify the revocation
judgment to delete the deadly weapon finding and affirm.

                                                                 Issues
on Appeal

Appellant
briefs two issues on appeal.  First, he
argues that the trial court erred in making a deadly weapon finding in the
revocation judgment when such a finding was not included in the judgment
convicting him of aggravated assault. 
Second, he argues that the trial court abused its discretion in
assessing his sentence at confinement for six years.

                                                           Deadly
Weapon Finding

The
record from the original plea hearing reflects that a deadly weapon finding was
not included in the plea bargain agreement, was not entered in the trial court=s oral pronouncement in open court, and was
not entered in the judgment convicting appellant of aggravated assault.  Appellant correctly contends in his first
issue that a deadly weapon finding could not be included in the subsequent
judgment revoking his community supervision under the facts of this case.  Ex parte Shaw, 724 S.W.2d 75, 77 (Tex.
Crim. App. 1987); Rivers v. State, 99 S.W.3d 659, 660 (Tex. App.CWaco 2003, no pet.).  The first issue is sustained, and the
judgment revoking community supervision is modified to delete the deadly weapon
finding.

                                               Punishment
Assessed After Revocation

In his
second issue, appellant argues that the sentence of confinement for six years
was Aunfair and unjust@ because he had completed approximately
nine and one-half years of his ten-year-term of community supervision at the
time the trial court revoked his community supervision.  Therefore, appellant contends that the trial
court abused its discretion.  We disagree.








Tex. Code Crim. Proc. Ann. art. 42.12, ' 23 (Vernon 2006 ) provides that, upon
revocation of community supervision, the trial court may reduce the original
term of confinement provided that the trial court finds a shorter sentence is
in the Abest interests of society and the defendant@ and that the shorter sentence is not less
than the minimum prescribed by the legislature for the offense.  Article 42.12, section 23 also provides that A[n]o part of the time that the defendant is
on community supervision shall be considered as any part of the time that he
shall be sentenced to serve@ after revocation.

Tex. Penal Code Ann. ' 22.02 (Vernon Supp. 2006) defines the
offense of aggravated assault and declares it to be a second degree
felony.  Tex. Penal code Ann. ' 12. 33 (Vernon 2003) provides that a
person convicted of a second degree felony shall be confined for a term of not
more than twenty years nor less than two years. 
The trial court assessed appellant=s sentence at six years, a term well within
the range prescribed by the legislature. 
A penalty assessed within the range of punishment established by the
legislature will not be disturbed on appeal. 
Jackson v. State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield
v. State, 42 S.W.3d 350 (Tex. App.CEastland 2001, pet. ref=d). 
The second issue is overruled.

                                                               This
Court=s Ruling

The
trial court=s August 24, 2006 judgment revoking
community supervision is modified to delete the deadly weapon finding.  As modified, the judgment is affirmed.

 

 

TERRY
McCALL

JUSTICE

 

September 13, 2007

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.