PD-0879-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/15/2015 10:30:56 AM
Accepted 9/16/2015 12:42:43 PM
ABEL ACOSTA
CLERK

NO. 04-14-00378-CR

**IN THE**

# IN THE COURT OF CRIMINAL APPEALS

**AT AUSTIN, TEXAS**

ROBERTO GARCIA, JR.,

Appellant,

V.

THE STATE OF TEXAS,

Appellee

## *APPELLANT'S*

## *PETITION FOR DISCRETIONARY REVIEW*

On Appeal from Cause Number 13-04-10924-CR

In the District Court, 79th Judicial District of Brooks County, Texas

Honorable Terrell, Judge Presiding

FILED IN
COURT OF CRIMINAL APPEALS

September 16, 2015

ABEL ACOSTA, CLERK

David T. Garcia
721 E. King
Kingsville, Texas 78363
Ph.: (361) 595-4143
Fax: (361) 595-0544
davidtgarcia0881@gmail.com
Texas Bar No: 07631800

**ATTORNEY FOR APPELLANT**

*APPELLANT DOES NOT REQUEST ORAL ARGUMENT*

# I. IDENTITIES OF PARTIES AND COUNSEL

Robert Garcia Jr., Appellant

David T. Garcia, Attorney for Appellant on Appeal
& at Application for Shock Probation Hearing
721 E. King Avenue
Kingsville, Texas 78363
Phone: (361) 595-4142
Fax: (361) 595-0544
Email: davidtgarcia0881@gmail.com

Carlos Omar Garcia, Brooks County District Attorney
Attorney for State of Texas
P.O. Drawer 283
Falfurrias, Texas 78355
Phone: (361) 325-5604
Fax: (361) 325-2993

Alberto Byington III, Assistant District Attorney
Brooks County, Texas
Attorney for State of Texas
P.O. Drawer 283
Falfurrias, Texas 78355
Phone: (361) 325-5604
Fax: (361) 325-2993

Honorable Richard C Terrell, Presiding Judge
79th Judicial District, Brooks County, Texas
100 E. Miller Street
Falfurrias, Texas 78355
Phone: (361) 325-5604
Fax: (361) 325-9803

**II.** **TABLE OF CONTENTS** **Page**

I. Identities of Parties and Counsel 2

II. Table of Contents 3

III. Index of Authorities 4

IV. Statement of the Case and Jurisdiction 5, 6

V. Statement of Procedural History 6

VI. Statement Regarding Oral Argument 6

VII. Argument 7, 8, 9

VIII. Certificate of Compliance 9

IX. Conclusion and Prayer for Relief 9, 10

X. Certificate of Service 10

## III.   INDEX OF AUTHORITIES

**Cases**

*Blanton v. State, 369 S.W.3d. 894 (Tex.Crim.App.2012)*

*Johnson v. State, 233 S.W.3d. 420 (Tex.App. FT. Worth, 2007, pet.ref)*

*Rivers v. State, 99 99 S.W.3d. 659 (Tex.App. were 2003 no.pet.)*

*Smith v. State, 15 S.W. 3d. 294 (Tex.App.-Dallas no.pet.)*

**Rules**

Tex. Rules App. Proc 39.7 (2014)

Tex. Code of Criminal Procedure 42.12(3) (2014)

Tex. Code of Criminal Procedure 42.12(6) (2014)

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

NOW COMES, ROBERTO GARCIA JR., Appellant in this cause, by and through his attorney of record, DAVID T. GARCIA, and, pursuant to the provisions of TEX.R.APP.PRO. 66, *et seq*., moves this court to grant discretionary review, and in support will show as follows:

## IV.    STATEMENT OF THE CASE AND JURISDICTION

Appellant did timely perfect his appeal.

This is an appeal of a Denial of Shock Probation and Entering of an Order Nunc Pro Tunc more than 30 days after the entry of judgement in cause number 13-04-10924CR District Court of Brooks County.

On December 4, 2017, Appellant pled guilty to Court 1: Aggravated Assault with a Deadly Weapon and Court II: Engaging in organized crime (RR 15).

On December 4, 2013, the trial court sentenced Defendant to serve 10 years confinement in the Texas Department of Criminal Justice – Institution Division C. The Judgement made no affirmative finding of the use of a Deadly Weapon in the Judgement of Conviction (RR 17).

On February 26, 2014, Appellant filed a timely Motion of Shock Probation (RR 21).

On April 23, 2014, the Trial Court Denied Roberto Garcia's Application for Shock Probation (RR 27).

On April 23, 2014, Appellant filed a timely motion to reconsider Application for shock Probation and Objection to Order Nun Pro Tunc (RR 30).

On May 5, 2014, the Trial Court denied Appellant's Motion to Reconsider Application for Shock Probation and Objection to Order Nun Pro Tunc (RR 31).

On May 13, 2015, the Honorable Fourth Court of Appeals affirmed the Trial Court's judgement in a non-published opinion.

On May 22, 2014, a Notice of Appeal was filed by Appellant (RR 32).

On June 6, 2014, Trial Courts Certification of Defendant's Rights to Appellant was filed (RR 36).

On June 8, 2015, the Court of Appeals affirmed appellant's conviction.

On June 15, 2015, Appellant filed a Motion to Extend Time to File Petition for Discretionary Review.

On August 7, 2015, Appellant filed a Motion to Extend Time to File Petition for Discretionary Review.

## V.    STATEMENT OF PROCEDURAL HISTORY

Appellant presented two issues in his appellate brief. The conviction was affirmed in an opinion *Garcia v. State,* No. 04-1400378-CR (Tex. App.-San Antonio, delivered May 13, 2015) (not designated for publication). Appellant filed a Motion for Rehearing on June 5, 2015. The appellate court again affirmed the conviction. This petition was originally due on July 9, 2015, but on Appellant's Motions, this Court has extended the time to September 8, 2015, and it is therefore timely.

## VI.    STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument. *See* Tex. Rule App. Proc. 39.7 (2014) Appellant believes that the facts and legal arguments are adequately presented in this Brief. However, should this Court determine that its decisional process will be significantly aided by oral argument, Appellant will be happy to present oral argument.

**GROUND FOR REVIEW: THE COURT OF APPEALS ERRED WHEN IT HELD THAT THE PROVISIONS OF TCCP 42.12 SECTION 3GA2 ARE MINISTIRAL IN NATURE AND THAT THE JUDGEMENT OF CONVICTION COULD BE CORRECTED NUN PRO TUNC AFTER THE TRIAL COURT HAS LOST ITS PLENARY POWER TO REFLECT AN AFFIRMATIVE FINDING ON A DEADLY WEAPON WHEN NONE WAS RECITED AT THE TIME OF THE PLEAS.**

## VII.  ARGUMENT

In this case at hand, the Appellant Court had the record of the Trial Court from the date the Plea was entered filed for review. The record is clear that an affirmative finding that a deadly weapon was used in the commission of the crime was never made during the plea. It was not part of the plea bargain nor was it announced or even insinuated throughout the time that the plea was taken. (RR Volume 1 1-15) In addition to this, the Trial Court actually signed a judgement of conviction that stated that a deadly weapon finding was "n/a", which means "not applicable". To allow the Court to enter a judgment Nunc Pro Tunc more than 100 days after the loss of plenary power, just because a Motion for Shock Probation has been made, violates the two step process required by Art. 42.12, as described in *Johnson v. State* 233 S.W.3d. 420 (Court of Appeals of Texas, Fort Worth). In the case at hand, there is absolutely no proof that an affirmative finding that a deadly weapon was used in the commission of the crime was explicitly made or pronounced at the time of the plea on December 23, 2013. (RR Vol. 1 1-15)

Appellant agrees that the purpose of a Nunc Pro Tunc judgement is to provide a Trial Court with the means to correct the record when there is a discrepancy between judgement as pronouncing court and the judgement reflected in the written record. *See* Blanton V. Estate 69 SW 394897-98 (Tex. Crim. 8PP. 2012). For a Nunc

Pro Tunc judgement to be proper, the record must show the judgement has changed was actually rendered at an earlier time, as this vehicle may not be used to change a record to reflect what a Trial Court concludes should have been done. *Id 898*. Therefore, Nunc Pro Tunc judgement may not be used to correct a judicial omission nor involve judicial reasoning; corrections made to the record by Nunc Pro Tunc judgement are limited to clerical errors. *Id.* Therefore, before a judgement Nunc Pro Tunc can be entered, there must be proof the judgement was actually rendered or pronounced at an earlier time. *Smith vs. State* 15 S.W.3d 294, 298 (Tex. App. – Dallas 2000 no pet)

"When an affirmative finding that a deadly weapon was used in the commission of the crime is made, it then becomes a mandatory duty of the Trial Court to enter a separate and specific deadly weapon finding in the judgement." (Texas CRCCP. Art. 42.12) "It is also that 'affirmative finding' as used in the statute governing parole eligibility for offenses involving the use or display of a deadly weapon means and 'expressed determination' by the finding or fact that a deadly weapon was used or exhibited in the commission of the offense or an immediate flight therefrom." *Johnson vs. State* 233 S.W.3d.420 (Court of Appeals of Texas, Fort Worth)". It has also been held that when the Trial Court is the finder of fact, has discretionary whether to make an affirmative finding that a deadly weapon was used in the commission of the crime in the first instance, for purposes of sentencing, even when such a finding would be supported by the evidence. *Id 421*. Therefore, it is clear that where the Trial Court is the trial fact and an affirmative finding that a deadly weapon was used in the commission of the crime must be made either expressly or as a matter of law, it nevertheless retains the discretion NOT to enter the deadly weapon finding in the judgement. *Id 421*.

In *Rivers v. State* 99 S.W.3d 659 (Court of Appeals of Texas, Waco, January 29, 2003), the Court held that the Trial Court "…lacked authority to enter an

affirmative deadly weapon finding in the order revoking defendant's community supervision" on aggravated assault conviction when the initial judgment of probation did not contain it. The same should be true in this case where the Trial Court is attempting to use a Nunc Pro Tunc order after a Motion for Shock Probation was filed to amend the original conviction to add that an affirmative finding that a deadly weapon was used in the commission of the crime.

## VIII.  CERTIFICATE OF COMPLIANCE

This certifies that this document complies with the type-volume limitations because it is computer generated and does not exceed 15,000 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 888 words in the entire document *except* in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement and jurisdiction of the case, statement of procedural history, certificate of service and certificate of compliance. This document complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using Microsoft in 14-font. *See* Tex. Rule App. Proc. 9.4 (2014).

## IX.    CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Appellant respectfully prays that this Court grant discretionary review and, after full briefing on the merits, issue an opinion clarifying that a Nunc Pro Tunc order cannot be used to add an affirmative finding to a conviction entered more than 100 days after the plenary power of the Court has rendered it's judgement. We further request that this matter be reversed and remanded to the trial court for consideration of the application of the Motion for Shock Probation timely made.

Respectfully submitted,

DAVID T. GARCIA
721 E. King
KINGSVILLE, TX 78363
Tel: (361) 595-4143
Fax: (361) 595-0544

By: ___*/s/David T. Garcia*_____

DAVID T. GARCIA
State Bar No. 07631800
davidtgarcia0881@gmail.com
ATTORNEY FOR APPELLANT

## X.   CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served upon the following parties by the following method of service:

*Via Facsimile: (361) 325-2993*
Carlos Omar Garcia, Brooks County District Attorney
Attorney for State of Texas
P.O. Drawer 283
Falfurrias, Texas 78355
Phone: (361) 325-5604

*Via Facsimile: (361) 325-2993*
Alberto Byington III, Assistant District Attorney
Brooks County, Texas
Attorney for State of Texas
P.O. Drawer 283
Falfurrias, Texas 78355
Phone: (361) 325-5604

By: ___*/s/David T. Garcia*_____
David T. Garcia, Attorney for ROBERT GARCIA



FILED
AT 10:43 O'CLOCK ___ M

MAY 1 8 2015

Noel Guerra, Jr. Dist. Clerk, Brooks Co., TX
By ___ Deputy

# Fourth Court of Appeals
## San Antonio, Texas

## JUDGMENT

No. 04-14-00378-CR

Roberto **GARCIA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 13-04-10924-CR
Honorable Richard C. Terrell, Judge Presiding

BEFORE JUSTICE ALVAREZ, JUSTICE CHAPA, AND JUSTICE PULLIAM

In accordance with this court's opinion of this date, the trial court's judgment is AFFIRMED. In response to appellant's objections filed February 6, 2015, this court may consider anything contained within a supplemental reporter's record that is relevant to the court's decision. *See* TEX. R. APP. P. 34.6(d). Therefore, appellant's objection is overruled.

SIGNED May 13, 2015.

Jason Pulliam, Justice

STATE OF TEXAS
COUNTY OF BROOKS

I/Noe Guerra, Jr., District Clerk of Brooks County, Texas do hereby certify
that the foregoing is a true and correct copy of the original record now in
my lawful custody and possession, filed on: __5/18/15__
as appears of record in my office.
WITNESS my official hand and seal of office this
__9/14/15__



Noe Guerra, Jr., District Clerk
Brooks County, Texas
By_____ Deputy



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00378-CR

Roberto **GARCIA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 13-04-10924-CR
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  May 13, 2015

AFFIRMED

Appellant, Roberto Garcia, Jr., pled guilty to charges of aggravated assault with a deadly

weapon and engaging in organized criminal activity. He appeals, raising two issues: (1) the trial

court erred by reforming the written judgment through a nunc pro tunc judgment to include a

finding Garcia used a deadly weapon; and (2) the trial court erred by ruling it did not have

continuing jurisdiction to consider shock probation.[1] We affirm the trial court's judgment.

---

[1] Although Garcia pled guilty and waived his right to appeal, we address appellate issues pertaining to the veracity of a nunc pro tunc judgment and jurisdiction to enter a nunc pro tunc judgment. Nunc pro tunc judgments are separate, appealable orders. *See Blanton v. State,* 369 S.W.3d 894, 903-04 (Tex. Crim. App. 2012).

## Background

Roberto Garcia, Jr. was charged by a two-count indictment with the offenses of aggravated assault with a deadly weapon and engaging in organized criminal activity. Both charges assert Garcia committed the offenses by "shooting at [the victim] with a firearm." On December 4, 2013, Garcia pled guilty to the offenses as charged, and the trial court sentenced him to ten years' confinement, pursuant to the plea agreement. On February 26, 2014, Garcia filed a timely motion for shock probation and attached to it a copy of the trial court's original written judgment. In this motion, Garcia requested shock probation because the original written judgment reflected the acronym "N/A" in the section titled: "Findings on Deadly Weapon" for both counts.

The trial court denied Garcia's motion, finding it did not have continuing jurisdiction to grant shock probation because Garcia was convicted of offenses that involved the use or exhibition of a deadly weapon. In a letter written to the parties and included in the record, the trial court concluded the judgment "should have reflected that affirmative finding as required by TCCP 42.12, Sec. 3g[(a)](2)" and "the judgment clearly states that the offense for which the defendant was adjudicated involved the use or exhibition of a deadly weapon . . . [s]ince the provisions of TCCP 42.12, Sec. 3g[(a)](2) are ministerial in nature, the judgment needs to be corrected *nunc pro tunc* to reflect the affirmative finding on the deadly weapon." The trial court then directed the State to file a motion for judgment nunc pro tunc to reform the written judgment. The court later granted the State's motion and changed the original judgment to replace "N/A" with "YES, A FIREARM."

## Nunc Pro Tunc Judgment

In his first point of issue, Garcia argues the trial court erred by granting the motion for judgment nunc pro tunc, thereby reforming the written judgment to include an affirmative finding of use of a deadly weapon that did not appear on the original, written judgment. Garcia contends

this is error in two ways: (1) the nunc pro tunc judgment changed a matter of judicial reasoning or discretion, which the court lacked authority to reform; and (2) the trial court entered the judgment after its jurisdiction had expired.

### *Applicable Law*

The purpose of a nunc pro tunc judgment is to provide the trial court with means to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the written record. *See Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012). For a nunc pro tunc judgment to be proper, the record must show the judgment, as changed, was actually rendered at an earlier time, as this vehicle may not be used to change a record to reflect what a trial court concludes should have been done. *Id.* at 898. Therefore, a nunc pro tunc judgment may not be used to correct a judicial omission nor involve judicial reasoning; corrections made to the record by a nunc pro tunc judgment are limited to clerical errors. *Id.* "[A] nunc pro tunc judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order." *Id.* Determination whether a correction involves a judicial omission or is clerical in nature is a question of law. *Id.*; *State v. Garza*, 442 S.W.3d 585, 588 (Tex. App.—San Antonio 2014, no pet.). The trial court maintains the power to correct any clerical error even after expiration of its plenary power. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

### *(1) Reformation by the Nunc Pro Tunc Judgment*

Garcia does not dispute that the trial court made an affirmative finding Garcia used a deadly weapon in the commission of the offense, nor does Garcia raise as an appellate issue that the trial court erred in making such a finding. However, in the interest of caution and because the substantive appellate issue is predicated upon the making of such a finding, we review the record to determine whether it reflects the trial court made an affirmative deadly-weapon finding.

"[I]f the indictment by allegation specifically places the issue [of use or exhibition of a deadly weapon in the commission the charged offense] before the trier of fact . . . , then an affirmative finding is de facto made when the defendant is found guilty 'as charged in the indictment.'" *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). Further, such a finding is made as a matter of law when a firearm is used because a firearm is *per se* a deadly weapon. *Id.*

In this case, the trial court made an affirmative deadly-weapon finding de facto and as a matter of law because the indictment charged Garcia with aggravated assault with a deadly weapon, and the indictment stated Garcia shot at the victim with a firearm. Garcia pled guilty as charged in the indictment. *See id.* Furthermore, in its letter to counsel, the trial court iterated the original written judgment should have included the affirmative finding of a deadly weapon that was made when Garcia pled guilty and was convicted of offenses clearly involving the use of a deadly weapon. Therefore, we conclude the record reflects the trial court made an affirmative deadly weapon finding.

Having determined the trial court made an affirmative deadly-weapon finding, the issue in this case becomes whether the court had discretion to omit that finding from the written judgment of conviction. Garcia challenges the trial court's authority to subsequently change the written judgment of conviction to reflect a deadly-weapon finding. Garcia contends the trial court's making of such a finding is separate from the trial court's entry of such a finding, and because entry is discretionary, any subsequent change to the written judgment to reflect a deadly-weapon finding necessarily involves a matter of judicial omission and reasoning, not a clerical or ministerial matter. Thus, Garcia contends any change to a written judgment of conviction to reflect a deadly-weapon finding is erroneous.

Interpretive caselaw on the issue seems to differentiate the availability of a trial court's discretion whether to enter a deadly-weapon finding in instances when the trial court is the trier of

- 4 -

fact from those instances in which a jury is the trier of fact. In the situation in which the jury is the trier of fact and makes an affirmative deadly-weapon finding, courts consistently hold the trial court has no discretion but to enter this finding into the written judgment. *See Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988); *Brooks v. State*, 900 S.W.2d 468, 474 (Tex. App.—Texarkana 1995, no pet.); *Martinez v. State*, 874 S.W.2d 267, 268 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd); *State ex rel. Esparza v. Paxon*, 855 S.W.2d 170, 172 (Tex. App.—El Paso 1993, no pet.). This court has already addressed the history of this distinction and its application and analysis in the instance in which the jury was the trier of fact. *See McCallum v. State*, 311 S.W.3d 9, 18-19 (Tex. App.—San Antonio 2010). In *McCallum*, this court determined when the jury makes an affirmative deadly-weapon finding, the trial court must enter the finding into the judgment. *Id.* at 18.

The distinction in the situation in which the trial court is the trier of fact has been interpreted to originate from an implication derived from the Texas Court of Criminal Appeal's majority opinion in *Hooks v. State*, 860 S.W.2d 110 (Tex. Crim. App. 1993). In *Hooks*, the majority distinguished between the making and entering of a deadly-weapon finding and implied that entering such a finding need not follow the making of such a finding. *See id.* at 114-15. However, three justices dissented citing the Court of Criminal Appeal's holding in *Poe*, and concluding that after an affirmative deadly-weapon finding is made, the "trial court was required to 'enter' that finding. He ha[d] no discretion to do otherwise." *Id.* at 116 (Baird, J., dissenting).

The Fort Worth Court of Appeals outlined and discussed caselaw subsequent to the *Hooks* decision in the instance in which the trial court is the trier of fact. *See Roots v. State*, 419 S.W.3d 719, 725-27 (Tex. App.—Fort Worth 2013, pet. ref'd). Most importantly, the *Roots* court discussed the uncertainty of the precedential authority of the *Hooks* court's implication of discretion and the problems with interpretation that *Hooks* allows discretion in the instance in

which the trial court is the trier of fact. *Id.* Ultimately the Fort Worth court determined "the majority opinion in *Hooks* indicated that deadly-weapon matters should not be treated differently depending on whether a jury trial or bench trial occurred . . . and more importantly, section 3g(a)(2) of article 42.12 . . . does not differentiate between jury trials and bench trials." *Id.* at 727. The Fort Worth court held "because the trial court had already found, upon entering the original judgment of conviction, that appellant had used or exhibited a deadly weapon in committing aggravated assault, the court did not err by later following section 3g(a)(2) and clerically entering that finding through a nunc pro tunc judgment." *Id.* at 727-28.

We hold *Roots* to be well reasoned and persuasive. The facts in *Roots* are similar to those here, in that, Garcia was charged with, and pled guilty to, aggravated assault with a deadly weapon, and the trial court found him guilty of this charge. Further, in this case, the record reflects the trial court later recognized the written judgment did not reflect the judgment rendered in court and memorialized this error in a letter written to the attorneys. The trial court requested the State file a motion for judgment nunc pro tunc to correct the clerical error. The trial court later entered a judgment nunc pro tunc to reflect a deadly-weapon finding.

As the court held in *Roots*, in instances in which the trial court is the trier of fact we hold *Hooks* does not bar subsequent reformation by judgment nunc pro tunc to include a deadly-weapon finding. *Roots*, 419 S.W.3d at 727-28. Further, the Texas Code of Criminal Procedure Section 3g(a)(2) of article 42.12 clearly mandates that, once an affirmative finding of a deadly weapon is made, the trial court must enter that affirmative finding in the judgment. The Code of Criminal Procedure makes no distinction whether the affirmative finding is made by a jury or the trial court, but mandates only that an affirmative finding shall be entered in the written judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(21) (West Supp. 2014).

We see no reason to offer distinction in instances in which the trial court is the trier of fact from those in which the jury is the trier of fact. Accordingly, a written judgment of conviction may be reformed by judgment nunc pro tunc to reflect an affirmative deadly-weapon finding made by a trial court but omitted from the written judgment because such a reformation is clerical in nature.

*(2) Timeliness of Nunc Pro Tunc Judgment*

Within his first point of issue, Garcia contends the trial court erred by granting the State's motion for judgment nunc pro tunc more than 30 days after the date of the original judgment, or outside its plenary power.

A trial court retains plenary power to modify a sentence imposed for 30 days after the date of sentencing. *See State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005). Generally, a trial court may not modify or correct a judgment once its plenary power expires, unless such correction is of clerical error changed through a judgment nunc pro tunc. *See Bates*, 889 S.W.2d at 309.

Here, the trial court sentenced Garcia on December 4, 2013, and signed the judgment nunc pro tunc on April 24, 2014, more than 100 days after its plenary power expired. Although the trial court entered the nunc pro tunc judgment well after the court's plenary power expired, and because we conclude the nunc pro tunc judgment corrected a clerical error, we hold the trial court did not err by entering the nunc pro tunc judgment more than 30 days from the date of sentencing. *See id.*

Therefore, Garcia's first point of issue is overruled.

Motion for Shock Probation

In his second point of issue, Garcia contends the trial court erred by ruling it did not have jurisdiction to grant shock probation based upon Garcia's conviction for an offense involving the use of a deadly weapon. Garcia argues the court did not make a deadly-weapon finding because

-7-

the original written judgment reflected "N/A" in the space for a deadly-weapon finding. Without such a finding, Garcia contends the trial court had jurisdiction to consider Garcia's motion for shock probation.

Jurisdiction to grant shock probation exists only if the defendant would have otherwise been eligible for community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3g(a)(2), 6(a)(1) (West Supp. 2014); *State v. Posey*, 330 S.W.3d 311, 315 (Tex. Crim. App. 2011). The Code of Criminal Procedure prohibits the imposition of judge-ordered community supervision when it is shown the defendant used or exhibited a deadly weapon during the commission of the charged offense. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2). As a result, a defendant is not eligible for shock probation when the trial court has entered an affirmative deadly-weapon finding into the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.14 § 6(a)(1); *Posey*, 330 S.W.3d at 315; *Garza*, 442 S.W.3d at 589.

Garcia's argument fails because the record reflects a de facto finding that Garcia used a deadly weapon, as well as a finding as a matter of law, because the weapon used was a firearm. Additionally, the trial court did make an affirmative finding and did enter the deadly-weapon finding into the written judgment. Because the record reflects Garcia used a deadly weapon, and the final written judgment nunc pro tunc contains an affirmative finding of use of a deadly weapon, the trial court was barred from granting Garcia shock probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3g(a)(2), 6(a)(1) (West Supp. 2014); *Posey*, 330 S.W.3d at 315.

Therefore, Garcia's second point of issue is overruled.

## CONCLUSION

For the reasons expressed above, we affirm the trial court's judgment.

Jason Pulliam, Justice

DO NOT PUBLISH

**STATE OF TEXAS**
**COUNTY OF BROOKS**

I/Noe Guerra, Jr., District Clerk of Brooks County, Texas do hereby certify that the foregoing is a true and correct copy of the original record now in my lawful custody and possession, filed on: 5/18/15
as appears of record in my office.
WITNESS my official hand and seal of office this
9/14/15



Noe Guerra, Jr., District Clerk
Brooks County, Texas
By _____ Deputy